UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                          **ORDER**
                            Criminal File No. 15-291 (MJD/FLN)

(1) NERIS MONTOYA NOLAZCO,

      Defendant.

This matter is before the Court on Defendant Neris Montoya Nolazco's pro se Motion to Appoint Counsel. [Docket No. 37]

On January 15, 2016, Defendant pled guilty to Count One of the Indictment, unlawful reentry after removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and 6 U.S.C. §§ 202 and 557.

The Court held a sentencing hearing on March 31, 2016. [Docket No. 33] The Court determined that the applicable Guideline range was 46 to 57 months, and the Court sentenced Defendant to 20 months in prison.

Defendant has now filed a pro se motion requesting that the Court appoint counsel to represent him to seek relief under Johnson v. United States, 135 S. Ct.

2551 (2015). Johnson held that the residual clause of the Armed Career Criminal Act, which imposes an increased mandatory minimum prison sentence for any felony that "involves conduct that presents a serious potential risk of physical injury to another," is void for vagueness. 135 S. Ct. at 2557, 2563. Johnson did not void application of the mandatory minimum based on enumerated offenses or based on an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B); 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Johnson has no applicability to Defendant's case. No statutory mandatory minimum was at issue in Defendant's sentencing. Defendant received a 16-level enhancement under the Sentencing Guidelines because he "previously was deported . . . after [] a conviction for a felony that is . . . a crime of violence," U.S.S.G. § 2L1.2(b)(1)(A), namely a 2008 felony conviction for Fourth Degree Criminal Sexual Conduct with a 14-year-old victim, Minn. Stat. § 609.345, subd. 1(b).

> "Crime of violence" means any of the following offenses under federal, state, or local law: . . . forcible sex offenses (including where

> consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, . . . or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt., app. n. 1(B)(iii).  This Sentencing Guideline definition of "crime of violence" is limited to enumerated offenses and a use of force definition that mirrors the portion of the Armed Career Criminal Act definition that was upheld by the Supreme Court in <u>Johnson</u>.

Defendant's Guideline range was not increased based on a vague residual clause similar to the voided residual clause in <u>Johnson</u>.  Rather, his total offense level received an enhancement based on an enumerated offense under the applicable Sentencing Guideline definition of "crime of violence."

Because <u>Johnson</u> is not applicable to Defendant's case, appointment of counsel to file a motion under <u>Johnson</u> would benefit neither Defendant nor the Court.  See <u>Nachtigall v. Class</u>, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant Neris Montoya Nolazco's pro se Motion to Appoint Counsel [Docket No. 37] is **DENIED**.

Dated:   June 23, 2016                              s/ Michael J. Davis
                                                           Michael J. Davis
                                                           United States District Court